IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROSEMARY HZ WALKER,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 6:23-cv-01913
OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Rosemary HZ Walker filed this medical malpractice action in state court against Yakima Valley Farm Workers Clinic ("YVFWC"). Notice of Removal Ex. 4, at 1–24, ECF No. 1. Plaintiff's Complaint contains numerous allegations against Yakima Valley including, *inter alia*, rendering negligent medical care by denying Plaintiff her diabetes medication; violating Plaintiff's rights under the Americans with Disabilities Act by failing to treat her medical conditions; forcing Plaintiff to "agree to give up [her] American First Amendment while discriminating based on preexisting illness & conditions doing Section 1983 violations[;]" and "false claim misrepresentation[.]" *Id*.

The United States of America removed this action under 28 U.S.C. § 1442. § 1442(a)(1) allows the United States to remove any action filed in state court against any agency of the United States "relating to any act under color of such office . . . ."

1 – OPINION AND ORDER

The United States seeks to substitute the United States for Yakima Valley. The United States submitted declarations stating Yakima Valley was deemed by the Secretary of Health and Human Services to be an employee of the Public Health Service and therefore eligible for Federal Tort Claims Act ("FTCA") coverage. Notice of Removal Ex. 1 ¶ 5. Unless challenged, the Attorney General's decision regarding whether the employees acted within the scope of employment is conclusive. *U-Haul Int'l. Inc. v. Estate of Albright*, 626 F.3d 498, 501 (9th Cir. 2010). Plaintiff does not challenge the declarations and the United States is therefore substituted as the defendant for Yakima Valley. *See* 2679(d)(1) (upon certification from Attorney General that defendant employee acted within the scope of his employment, the United States shall be substituted as the party defendant).

The United States now moves to dismiss the claims against it for lack of subject matter jurisdiction. This Court must dismiss a claim if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A rule 12(b)(1) dismissal for lack of subject matter jurisdiction may be based on either the face of the complaint or on extrinsic evidence demonstrating lack of jurisdiction. *White v. Lee*, 227 F.3d 1214, 1241 (9th Cir. 2000). When evaluating an attack on jurisdiction, the court accepts as true all factual allegations set forth in the complaint. *United States v. One 1997 Mercedes E420*, 175 F.3d 1129, 1130 n.1 (9th Cir. 1999). Plaintiff, as the party asserting jurisdiction, has the burden of establishing that the court has subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The FTCA "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). Medical malpractice claims against federally funded health care facilities, such as

Yakima Valley, must be brought against the United States under the FTCA. 42 U.S.C. § 233(g). Plaintiff's claims against the United States are therefore subject to the FTCA.

The FTCA requires a plaintiff to administratively exhaust any claim before filing the action. 28 U.S.C. § 2675(a). Here, Plaintiff had to present a claim to the Department of Health and Human Services. The United States submitted a declaration stating Plaintiff never filed a claim with the Department of Health and Human Services with regard to Yakima Valley. Notice of Removal Ex. 1 ¶¶ 2–4. Plaintiff does not present any argument or evidence demonstrating she exhausted her claims. The exhaustion requirement of 28 U.S.C. § 2675(a) "is jurisdictional in nature and must be interpreted strictly." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Because Plaintiff failed to exhaust her claims against the United States (formerly against Yakima Valley), this Court lacks jurisdiction over those claims. After reviewing Plaintiff's Complaint, the Court is unable to discern any other claims. Accordingly, the Court dismisses this action. *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (*per curiam*).

## CONCLUSION

The United States' motion to dismiss for lack of subject matter jurisdiction, ECF No. 3, is GRANTED.

IT IS SO ORDERED.

DATED this 18th day of January, 2024.

                                         /s/ Michael J. McShane
                                              Michael McShane
                                       United States District Judge